Thomas Dale **CARAWAY**, Plaintiff,

v.

**John P. SAIN, Thomas B. Webb, Jr., and Eddie Lee Gay, Sr.,** Defendants.

Civ. A. No. 434.

United States District Court
N. D. Florida,
Marianna Division.

April 29, 1959.

**658**

W. Dexter Douglass, Tallahassee, Fla., for plaintiff.

Dempsey Barron, Panama City, Fla., for defendant Webb.

CARSWELL, Chief Judge.

This proceeding is the aftermath of a tragic multiple car collision. It was initiated by the plaintiff-husband under the Wrongful Death Act [1] for the loss of his wife against the principal defendants on the theory of their joint and several liability.

Title to the death car in which the wife was riding was in her name, but it was being operated by her mother, Mrs. May Williams Wilson, at the time of the accident. Mrs. Wilson was made a party defendant and consequently was complained against by the plaintiff, and she in turn cross-claimed against each of the principal defendants. They in turn interposed the defense of contributory negligence as to Mrs. Wilson and imputed contributory negligence of Mrs. Wilson through her deceased daughter to the plaintiff.

At a pre-trial conference held immediately prior to trial it came to the attention of the Court that a settlement had been reached between the plaintiff and his mother-in-law, Mrs. Wilson, and as it later appears, it was for the sum of $5,000. Under the law of Florida [2], such

---

1. F.S.A. § 768.01 et seq.

2. F.S.A. § 54.28 Release or covenant not to sue.—

"(1) A release or covenant not to sue as to one tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death.

"(2) At any trial, if any defendant shall make it appear to the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall, at the time of rendering judgment, set-off such amount from the amount of any judgment to which the plaintiff would be otherwise entitled and enter judgment accordingly.

"(3) The fact of such a release or covenant not to sue, or that any defendant

settlement could not be divulged to the jury, but would reduce a verdict pro tanto.

Near the close of the trial that ensued, counsel for defendant Gay moved the Court to instruct the jury to offset any verdict in favor of plaintiff by the amount of the settlement that had been reached between plaintiff and Mrs. Wilson, which motion was denied by the Court in obedience to the mandate of the statute [3].

Thereafter, the jury returned a verdict in favor of plaintiff against defendant Webb alone in the amount of $10,000, but the jury found in favor of the principal defendants against the cross-claim of Mrs. Wilson. Whereupon, the Clerk, pursuant to Federal Rules of Civil Procedure, rule 58, 28 U.S.C.A. entered (without objection of counsel) the judgment for $10,000 in behalf of plaintiff against defendant Webb.

Fifty-eight days after entry of judgment defendant Webb moved to reduce the $10,000 judgment previously entered in the amount of the $5,000 settlement under Federal Rules of Civil Procedure, rule 60.

Plaintiff objected to granting of the motion on the grounds that: (1) it was a motion to alter or amend the judgment under Federal Rules of Civil Procedure, rule 59(e), which was not seasonably made, (2) there was never an understanding that a jury verdict would be offset by the settlement, (3) because the jury had found for the plaintiff against whom there had been interposed the defense of contributory negligence imputed to him through his deceased wife, that Mrs. Wilson was not a "tort-feasor" within the ambit of the statute [4].

After a consideration of the statute [5] in question in light of Federal Rules of Civil Procedure, rule 60(b) [6], it is only necessary to consider several contentions of the plaintiff.

■ A motion which is not timely made under Rule 59 may be granted under Rule 60(b) where the grounds exist [7].

In effectuating a settlement with Mrs. Wilson the plaintiff recognized her as a tort-feasor and, therefore, his contention that the jury finding negatived her as such will not do. By its very terms a tort-feasor is one who "may" be liable for the same tort or death [8]. Manifestly, the Legislature did not intend that there be an *adjudication* that one be a tort-feasor in order to invoke the remedial provisions of the statute [9].

The plaintiff cannot receive $15,000 where there was a judicial error in failing to set off the amount of the settlement at the time of entry of judgment, since the statute plainly entitled him to only $10,000 [9]. The motion to reduce having been made within the time of one year, it is now proper to order the deduction after verdict and to cause it to be reflected in an amended judgment since

---

has been dismissed by order of the court, shall not be made known to the jury."

3. F.S.A. § 54.28(3) supra.

4. F.S.A. § 54.28(1) supra.

5. F.S.A. § 54.28 supra.

6. Federal Rules of Civil Procedure, rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for * * * (1) *mistake, inadvertence* * * * (5) *the judgment has been*

*satisfied, released, or discharged* * * * * * * (6) *any other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time and for reasons (1) * * * not more than one year after the judgment * * *." (Emphasis supplied.)

7. United States v. Wissahickon **Tool** Works, Inc., 2 Cir., 200 F.2d 936.

8. F.S.A. § 54.28(1) supra.

9. F.S.A. § 54.28(2) supra.

defendant is entitled to relief from the incomplete judgment on the *ground* of *mistake* and *inadvertence* under Rule 60 (b) (1) [10]. (Emphasis supplied.)

It also seems clear that the relief sought can be granted under Rule 60(b) (5), the premise of which is in no way at odds with other provisions of the Rule. The $5,000 payment can only be considered partial payment in satisfaction of the judgment, which merely reflected the total amount of damages found by the jury. To find otherwise would defeat the purpose of the Florida statutes. In the trial of this case the Court refused to instruct the jury to reduce their verdict for plaintiff by $5,000, it being clear that such reduction, if any, should be done by the Court. The jury merely found damages in "X" number of dollars, not "X" plus an amount already paid to plaintiff in settlement negotiations on the eve of the trial.

■■ There is a final reason why the relief sought should be awarded. The Court was bound to apply the statute [11] as the substantive law of the forum state [12]. The motion having been made within a reasonable time, the Court should invoke its residual power [13] to conform the judgment to the law.

When a Federal Court sitting in diversity considers but inadvertently fails to render a judgment that is necessarily subject to a set-off by a statute of the forum state, the Court should rectify its error and reduce the judgment under Federal Rules of Civil Procedure, rule 60(b).

Appropriate order in conformity herewith will be entered.

10. O'Tell v. New York, New Haven & Hartford R. Co., 2 Cir., 236 F.2d 472.

11. F.S.A. § 54.28 (see note 2 supra).

12. Rules of Decision Act (28 U.S.C.A. § 1652); Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 168 A.L.R. 1231.

13. Federal Rules of Civil Procedure, rule 60(b) (6), see note 6, supra. See also Moore's Federal Practice Vol. 7, 2d Ed., Sections 60.27 and 60.37(2).