**Boyd Z. BROWN and Patricia Brown, Appellants,**

**v.**

**Barnum L. HAWKINS and Catherine R. Hawkins, Appellees.**

**No. 655.**

Supreme Court of Alaska.

Sept. 19, 1966.

Peter B. Walton, Anchorage, for appellants.

Albert Maffei, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

OPINION

RABINOWITZ, Justice.

In the superior court appellants, as purchasers, sought specific performance of an "Earnest Money Agreement" concerning the sale of real property which they had entered into with appellees. After a seven day trial to the court a judgment was entered on July 30, 1965. Although ostensibly in appellants' favor the judgment required appellants to:

within 10 days after May 12, 1965, * * * bring current all payments due the Hawkins on the aforesaid Promissory Note for $3,800.00.

The main focus of appellants' arguments in this appeal centers on the above provision of the July 30, 1965, judgment.[1] Under the circumstances appearing in the record of this case we are of the opinion that the portion of the superior court's judgment of July 30, 1965, which required appellants to bring current all payments

[1] The judgment which the superior court entered on July 30, 1965, is captioned in part "Decree of Specific Performance."

The promissory note referred to in the judgment represents only a portion of the consideration agreed to by the parties.

"within 10 days after May 12, 1965," should be modified.

After hearing testimony for seven days and then taking the matter under advisement, the superior court rendered an oral decision on May 12, 1965. In its decision the lower court resolved the issues in appellants' favor, finding that there "was no substantial or material breach in the earnest money agreement as a whole" on the part of appellants.[2] In the course of its oral decision the court required the parties to, within ten days from the entry of judgment, execute all necessary "Documents, Notes, Assumption Agreements, and Deeds of Trust." The lower court further required counsel for appellants to submit proposed findings of fact, conclusions of law and judgment within ten days from the rendition (on May 12, 1965) of its oral decision.

Crucial to the resolution of the issues in this appeal is the fact that the trial judge also stated in his oral opinion that:

> Upon the failure of the plaintiffs Brown to bring all payments current in accordance with this decision within 10 days from the date hereof, the defendant (sic) shall have the right to exercise their legal rights as may be applicable and available to them for default in the agreement of purchase and sale.

At the conclusion of his opinion the trial judge inquired of counsel if there were any questions in regard to his decision. At this point in the proceedings, the following transpired:

MR. WALTON: Well, Your Honor, may I ask does the Court have a written memorandum of decision that—

THE COURT: No, it's only notes that I used.

MR. WALTON: Oh, I see, because, as I see it now, granting the decree of specific performance, the Court has ruled that everything necessary to bring that performance up to date is to be within 10 days after the original judgment.

THE COURT: Yes.

MR. WALTON: And we will obtain, perhaps, a transcript of the last portion of the Court's remarks for that purpose of preparing a written judgment.

THE COURT: You may order those if you see fit. You must submit this within 10 days.

\*   \*   \*   \*   \*   \*

THE COURT: That is, proposed orders must be submitted within 10 days, and then they'll have a chance to object to it. Any other questions on the rulings?

The hearing was followed by a prolonged series of confused events all of which culminated in the lower court's entry of a judgment on July 30, 1965, requiring appellants to bring current all payments due appellees within ten days of May 12, 1965. We consider it unnecessary to detail the numerous motions and supporting documents that were filed and the several hearings which were held subsequent to the court's oral decision of May 12, 1965. Of particular significance though is the fact that on May 26, 1965, appellees instituted a separate suit in superior court to recover the real property which is the subject of the controversy now before us.[3] Appellees' ejectment action is grounded

---

2. On this point the trial judge also stated that appellants had "performed or tendered performance of all obligations within a reasonable time under the terms of the agreement, since there was no definite time set therein for a closing date."

3. In this separate action appellees were not represented by Mr. Maffei who was appellees' counsel in the court below in this matter. Besides seeking recovery of the real property in question, appellees in this second action sought to quiet title in themselves and to recover money damages from appellants.

chiefly upon appellants' alleged failure to make timely payments in accordance with the superior court's oral decision of May 12, 1965, in the case at bar.

We consider it relevant that this case was instituted by appellants in 1963; that the issues involved necessitated seven days of trial; that the agreed purchase price of the property in question was approximately $32,000.00; and that the payments which appellants were required to bring current by virtue of the lower court's judgment totalled $800.00.

It also appears from the record that counsel for appellants misunderstood the import of the trial court's oral decision; that due to counsel's misinterpretation of the court's opinion of May 12, 1965, appellants were not timely notified of the fact that they were required to bring all payments current within ten days of May 12, 1965; that on June 14, 1965, the sum of $800.00 was tendered to the registry of the superior court; and that appellees have not shown how they are prejudiced by appellants' omission to pay the $800.00 within ten days of May 12, 1965. It is also of significance that all of these circumstances to which we have alluded were brought to the trial judge's attention prior to the entry of the July 30, 1965, judgment.

We are of the opinion that in a situation such as is presented by this appeal it was inequitable to subject appellants to potential forfeiture of their rights under the earnest money agreement through the payment provision of the judgment which, by its terms, required of appellants a performance which was then impossible to render. Here we have a situation which was largely engendered by the trial court's confusing oral decision and in particular by the court's closing remarks in reply to counsel for appellants' question as to the meaning of the court's oral opinion.

In light of these circumstances we are of the opinion that justice would not be advanced if we were to affirm the questioned payment provision of the lower court's judgment. To do so would be tantamount to a denial of substantial justice to appellants whom the record discloses are completely without fault.[4] We believe that it would be inconsistent with our duty to insure that a just determination is accorded litigants to affirm the trial court's judgment as to the timing of payments after it had once found that appellants had not breached the earnest money agreement.

We, therefore, hold that under the particular facts disclosed by this record it was error for the trial court to insist that the final judgment which was entered on July 30, 1965, require appellants to comply with a time schedule that called for payments to be made by May 23, 1965.

We are of the view that justice would be best effectuated by a modification of the payment provisions of the July 30, 1965, judgment.[5] In such an instance as this record presents, we believe that a more flexible attitude on the part of the trial court would have been appropriate.[6]

Appellants also assert as error the trial court's denial of their motion to con-

4. Nor can appellants' counsel be seriously faulted for misconstruing the court's intent as embodied in its oral decision of May 12, 1965.

5. Although technically not a Civ.R. 60(b) (1), (6) motion because no final judgment had been entered, the objections which appellants raised below presented an analogous situation to a motion made under subdivision (1) or (6) of Civ.R. 60(b).

6. Compare Civ.Rules 1, 61 and 94. See also Mely v. Morris, 409 P.2d 979 (Alaska 1966); Oaks v. Rojcewicz, 409 P.2d 839 (Alaska 1966); Sanuita v. Hedberg, 404 P.2d 647 (Alaska 1965).

solidate the case at bar with the separate ejectment action which appellees instituted subsequent to the court's oral decision of May 12, 1965. This is a matter which is within the trial court's discretion.[7] We find no error in the trial court's denial of appellants' motion to consolidate.

For the foregoing reasons, the trial court's denial of appellants' motion to consolidate is affirmed and the July 30, 1965, Decree of Specific Performance is modified to read in part as follows:

ORDERED that within ten days after the mandate of the Supreme Court of Alaska is filed in this court, plaintiffs Brown shall bring current all payments due the Hawkins on the aforesaid Promissory Note for $3,800.00.

---

7. Civ.R. 42(a) provides:

   *Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

   See also 2B Barron & Holtzoff, Federal Practice & Procedure § 942, at 179 (rev. ed. 1961); 5 Moore, Federal Practice § 42.02, at 1203, 1204 (2d ed. 1964).