Josef PRINCIOTTA, Appellant,

v.

**MUNICIPALITY OF
ANCHORAGE, Appellee.**

No. S–3161.

Supreme Court of Alaska.

Jan. 19, 1990.

Phillip Paul Weidner, Weidner and Associates, Anchorage, for appellant.

James M. Crary, Asst. Mun. Atty., and Richard D. Kibby, Mun. Atty., Anchorage, for appellee.

Before MATTHEWS, C.J., RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This appeal is from the denial of a Civil Rule 60(b) motion to set aside two confessions of judgment without action entered into pursuant to Civil Rule 57(c) by Josef Princiotta in favor of the Municipality of Anchorage (MOA). We reverse.

## I. FACTS AND PROCEEDINGS

On June 15, 1984, Princiotta and the MOA entered into a contract calling for Princiotta, a sculptor, to craft a large metallic statue of an eagle to adorn the Chugiak Senior Housing Center. The MOA advanced Princiotta the sum of $12,000. Neither party has seen fit to preserve the contract or any of its amendments in the record.

On April 23, 1986, Princiotta executed a "Confession of Judgment without Action" pursuant to Civil Rule 57(c) [1] in favor of the MOA for the amount of the advance, $12,-000, "plus costs, interest and attorney's fees should this action be filed with the court." The sum represented "repayment of sums advanced" to Princiotta under the contract. The confession itself makes no reference to conditions concerning its effectiveness. It was entered as a judgment on September 18, 1986.

While it is undisputed that Princiotta was not completing the work in a timely fashion under the contract, Princiotta asserts that the judgment was signed subject to an express parol understanding that the judgment would not be enforced in the event that the sculpture was delivered. Princiotta further asserts that there was an express understanding to the effect that if the MOA rejected the sculpture and sought to enforce the confession judgment, he would have the right to regain possession of the sculpture. Neither assertion has been disputed by the MOA.

The judgment form was prepared by the city. A copy of the eventual entry of judgment was apparently never distributed to Princiotta. The court clerk's distribution stamp notes only that a copy of the entry of the judgment was served on the Municipality. It is also not disputed that Princiotta did not learn of the entry of the first judgment until on or about September 26, 1988, when he was summoned to appear for a debtor's examination.

Subsequent to the entry of the first judgment, representatives of the MOA decided to exercise a contractual power to terminate the contract. The matter came to the personal attention of then Mayor Tony Knowles. In the fall of 1986, a meeting was held between Princiotta, his attorney at the time, Edgar Paul Boyko, and Mayor

---

1. Alaska R.Civ.P. 57(c) provides:
    (c) Confession of Judgments—Without Action.
    (1) On the confession of any person capable of being made a defendant to an action, judgment may be given against such person without action, in favor of anyone, either for money due or to become due, or to secure any person against contingent liability on behalf

of the defendant in such judgment, or both, if it be in favor of the same person.
    (2) ... If it be for the purpose of securing the plaintiff in the judgment against a contingent liability, it shall state plainly and concisely the facts constituting such liability and shall show that the sum confessed therefor does not exceed the same.

Knowles. Princiotta asserts that Mayor Knowles agreed that the stance of his staff was "unreasonable" and agreed to instruct the relevant officials to extend the time for Princiotta to perform under the contract until after breakup in the spring of 1987. Princiotta further asserts that a specific agreement to discharge the first judgment was reached. Again, neither assertion has been disputed by the MOA.

Princiotta apparently was unable to have the work completed by the extended deadline. On April 27, 1987, a "Second Confession of Judgment without Action" was executed between Princiotta and the MOA. This provided for a judgment in the amount of $2,378.84 "plus costs, interest and attorney's fees, should this action be filed with the court." This sum also represented repayment of "sums advanced to me ... under the third amendment to [the] June 15, 1984 contract." The MOA did not assent to the second confession until September 21, 1988. Princiotta asserts that the effectiveness of the second judgment was conditioned in the same manner as was the first.

The record is sketchy as to what occurred next. It is undisputed that at least part of the sculpture was delivered to the site of the Chugiak Senior Center for erection in July 1987. Princiotta asserts that less than five percent of the work remained to be completed at that time. The sculpture has since been moved to another location by the MOA. The MOA has paid Princiotta "approximately ¾" of the contract price.

In its brief, the MOA alleges it "never accepted the part that was delivered" and that "substantial parts of the agreed upon artwork were missing." However, the MOA has not offered any documents for the record and these allegations are not supported by any evidence in the record.

On October 18, 1988, over two years after the first confession judgment was entered, Princiotta filed a motion to set aside both judgments pursuant to Civil Rule 60(b)(1), (3), (4), (5) and (6). At the time of

Princiotta's motion, the second confession had not yet been entered as a judgment. The trial court denied the substance of Princiotta's motion as well as his request for a hearing on the motion. On the same day, the court entered the second confession judgment, leaving the first intact. Princiotta appeals. We reverse.

## II. DISCUSSION

### A. PRINCIOTTA'S MOTION WAS FILED IN A REASONABLE PERIOD OF TIME WITHIN THE MEANING OF CIVIL RULE 60(b).

Civil Rule 60(b) requires that subsection (b)(5) motions be made within a reasonable period of time. What is a reasonable time is to be measured from the date of notice as defined in Civil Rule 58.1. Alaska R.Civ.P. 60(b).[2] The date of notice of a judgment is the "date shown in the clerk's certificate of distribution on the written judgment." Alaska R.Civ.P. 58.1(c)(3).

A copy of the execution was not distributed to Princiotta. Civil Rule 73(d) requires the clerk of court to distribute a copy of a judgment immediately upon entry to each party. The clerk's office was remiss in its obligation. It is undisputed that Princiotta moved to set the first judgment aside approximately twenty-two days after learning of it.

■■■ The date of notice requirement of Civil Rule 60(b) assumes that the clerk has complied with Rule 73(d) and distributed notice to the movant. Implicit in the term "date of notice" is the assumption that notice has been given. Where the clerk has not done so, the time limit does not begin to run until the movant obtains actual knowledge of the entry of judgment. It would be inequitable to charge Princiotta with the court clerk's lapse. This suggestion is implicit in *Alaska Placer Co.*, 502 P.2d at 131. *Cf. Mallonee v. Grow*, 502 P.2d 432, 437 (Alaska 1972) (approving one year of delay after learning of entry of an order as reasonable in a "fraud upon the court" case).

---

**2.** This case does not involve a Rule 60(b)(5) motion based on a mistake of law, to which this court has applied a bright line limit of thirty days. *E.g., Alaska Placer Co. v. Lee*, 502 P.2d

128, 130–31 (Alaska 1972). Rather, Princiotta alleges facts occurring after entry of the judgment rendering it forgiven. Therefore the ordinary "reasonable time" standard applies.

**562**

■ Our decision is supported by the official commentaries to Civil Rule 60(b) and Civil Rule 58.1. In 1983, we amended both rules, to clarify when the time limits for appeals and other actions begin to run. In the official commentary to Civil Rule 58.1, we noted:

> While judgments and orders are effective without notice to the parties, it was decided that appeal time should not start *until notice had been sent to the parties....* For example, a divorce decree signed by a judge on May 1, 1983 is effective that date. However, if the copies of a decree are not distributed until May 15, 1983, appeal time would not commence until (then).

Alaska Supreme Court Order No. 554 at 69 (April 4, 1983). (Emphasis added). *See also id.* at 73 ("it was decided (60(b)) time limits should not start until notice has been sent to the parties"). Distribution of notice is the key. Notice was not sent to Princiotta until twenty-two days before he filed his motion, during which time he was involved with a debtor's exam and obtaining counsel. We believe this is a reasonable period of delay. *Cf. Alaska Placer Co.*, 502 P.2d at 131 (forty-nine days after receiving actual knowledge of the disputed contents of a judgment was reasonable, where the time was apparently spent consulting with lawyers); *cf. Burrell v. Burrell*, 696 P.2d 157, 163 (Alaska 1984) (seven and a half years *per se* unreasonable).

### B. THE SUPERIOR COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT PRINCIOTTA'S CIVIL RULE 60(b) MOTION AS TO THE JUDGMENTS BY CONFESSION.

Civil Rule 60(b) provides that a court may relieve a party from a final judgment for six enumerated reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) *the judgment has been satisfied, released, or discharged,* or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Alaska R.Civ.P. 60(b) (emphasis added).

■ The general rule is that denial of relief upon Civil Rule 60(b) is error only if the trial court abused its discretion, i.e., if the reviewing court is left with the definite and firm conviction on the whole record that the trial court has made a mistake. *E.g., Gregor v. Hodges*, 612 P.2d 1008, 1010 (Alaska 1980) (per curiam).

Princiotta contends that the trial court abused its discretion in denying him relief under Civil Rule 60(b)(5),[3] based upon the undisputed affidavits of Boyko and himself to the effect that Mayor Knowles specifically released Princiotta from the first judgment at their fall 1986 meeting.

The first clause of Rule 60(b)(5) is in question here. This clause allows a party relief from a judgment if "the judgment

---

**3.** Princiotta also contends that the superior court abused its discretion by refusing to grant oral argument on his Civil Rule 60(b) motion. Civil Rule 77(d) gives a party the right to oral argument on a Rule 60(b) motion if the party has complied with the prerequisites contained in the rule. *Cleary Diving Service, Inc. v. Thomas, Head & Greisen,* 688 P.2d 940, 942 (Alaska 1984) (per curiam). If either party desires oral argument on a motion, that party must file a timely notice of hearing and the "notice of hear-

ing shall include a certificate by counsel that he or she has attempted to resolve the matter with opposing counsel and that in his or her opinion oral argument is necessary." Alaska R.Civ.P. 77(d).

As an alternative ground, we believe that the statement of facts submitted along with Princiotta's Civil Rule 60(b) motion reflects a fruitless effort to resolve the matter. Moreover, counsel filed a certificate that he believed oral argument was necessary.

has been satisfied, released, or discharged...." Alaska R.Civ.P. 60(b)(5).

 We have not previously interpreted this portion of the rule.[4] However, other courts interpreting analogous rules have been uniform in their approach. Ignoring uncontradicted evidence of a release is *per se* an abuse of discretion. *Cf. Sunderland v. City of Philadelphia*, 575 F.2d 1089, 1090–91 (3rd Cir.1978) (interpreting Fed.R. Civ.P. 60(b)(5).); *Rowland v. Finkel*, 33 Ohio App.3d 77, 514 N.E.2d 949, 952 (1987) (interpreting identical Ohio rule); *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 601 (5th Cir.1980); *Guard v. Benson*, 438 P.2d 219, 223 (Alaska 1968); *Caraway v. Sain*, 23 F.R.D. 657, 660 (N.D.Fla.1959).

 Here we are faced with two undisputed affidavits. Princiotta expressly asserts that the first judgment was released by Mayor Knowles. This can also fairly be gleaned from Boyko's affidavit that Mayor Knowles promised that the MOA would take no further legal action against Princiotta on the first judgment. The MOA offers no contradictory evidence. *Ergo*, the trial court abused its discretion.

 The second judgment was not entered until after Princiotta's Civil Rule 60(b) motion to set aside the confession was filed. His motion cannot therefore be seen as a Civil Rule 60(b) motion to set aside an entered judgment. *Brown v. Hawkins*, 418 P.2d 28, 30 n. 5 (Alaska 1966). However, we have by analogy extended the application of Rule 60(b) to attacks on judgments rendered but not yet finally entered. *Id.* Princiotta's motion against the second judgment is obviously timely. Princiotta alleged, without dispute, that the second judgment was dependent upon non-delivery of the statue, and that it was delivered. Plainly, upon this scanty record, the judgment has therefore been satisfied within the meaning of Civil Rule 60(b)(5).

4. We have upon occasion dealt with the second clause of Rule 60(b)(5), allowing relief from a judgment where it is "no longer equitable that the judgment should have prospective application." *E.g., Lawrence v. Lawrence*, 718 P.2d 142, 146 (Alaska 1986). These cases are inapposite.

### III. CONCLUSION

Because the superior court abused its discretion regarding Princiotta's Rule 60(b)(5) motion as to both judgments, we REVERSE and REMAND to the superior court with directions to grant Princiotta's Rule 60(b)(5) motions.[5] *See Guard v. Benson*, 438 P.2d at 223.

5. Nothing in our opinion should be construed as preventing either Princiotta or the MOA from litigating the issues of delivery, acceptance, damages, etc. under the contract.