**Howard M. BENEDICT, Appellant,**

v.

**KEY BANK OF ALASKA, Appellee.**

**No. S–6743.**

Supreme Court of Alaska.

May 24, 1996.

---

**490**

Rebecca S. Copeland, Koval & Featherly, P.C., Anchorage, for Appellant.

Kathryn A. Black and Kenneth D. Albertsen, Birch, Horton, Bittner and Cherot, Anchorage, for Appellee.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, J. Pro Tem.*

---

OPINION

SHORTELL, Justice Pro Tem.

I. *INTRODUCTION*

Howard Benedict appeals the superior court's denial of his Alaska Rule of Civil Procedure 60(b) motion for relief from a default judgment obtained by Key Bank of Alaska. We affirm the trial court's ruling.

II. *FACTS AND PROCEEDINGS*

In 1984, Key Bank loaned a substantial amount of money to a partnership in which Howard Benedict was a general partner. The loan was secured by a deed of trust on real property in Anchorage (property). Benedict also personally guaranteed the promissory note on the loan. The partnership was unable to make payments in the wake of a sharp downturn in the Anchorage real estate market. Repayment deadlines were renegotiated numerous times.

In 1987, Key Bank again agreed to extend the deadline on the loan in exchange for new promissory notes for the accrued interest on the original loan. When the new maturity date arrived, payment still had not been made on the original or subsequent notes. Key Bank again agreed to extend the maturity date, but only after receiving a new promissory note for the accrued interest.

In 1989, Benedict offered to settle all of his debts with Key Bank, including a 1986 loan made to another partnership in which he was a general partner, in exchange for the property and proceeds from a related condemnation action. Key Bank rejected the offer and filed suit against Benedict on the promissory notes. Key Bank dismissed the suit without prejudice after reaching yet another extension agreement with Benedict and once again receiving a promissory note for accrued interest.

On December 10, 1991, Key Bank filed suit again. The suit sought recovery on the initial promissory note, the three notes representing accrued interest, and the 1986 loan to Benedict's other partnership. Benedict did not answer the complaint. On January 24,

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1992, the Clerk of Court entered default against Benedict.

In July 1992, Key Bank offered to accept the property in exchange for "cancellation of the debt owed by the partnership." Benedict did not respond. On October 30, 1992, Key Bank filed a motion for entry of partial default judgment on all of the outstanding notes. On January 22, 1993, Key Bank filed another motion for entry of partial default judgment. Key Bank admits that it did not serve notice of these motions on Benedict.

Three days later, on January 25, Key Bank renewed its July 1992 settlement offer. Benedict accepted. On February 17, the court entered a partial default judgment against Benedict on the January 24, 1992, entry of default by the Clerk of Court. Benedict concedes that he received notice of the default judgment shortly after it was entered.

On June 23, 1993, Key Bank filed an action in Benedict's home state of Connecticut to collect on the default judgment. However, it was not until one year after entry of default judgment, on February 17, 1994, that Benedict filed a Rule 60(b)(3) motion for relief from judgment. The superior court refused to set aside the judgment.

## III. *DISCUSSION*

██ The standard of review for an order denying relief from judgment is whether the trial court abused its discretion. *Bauman v. Day*, 892 P.2d 817, 828–29 (Alaska 1995). Alaska Rule of Civil Procedure 60(b)(3) provides that a party may seek relief from judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Such a motion must be made within a reasonable time, and in any case no later than one year after the date of notice of the judgment.

██ Benedict's motion was based on his claim that he had not been given notice by Key Bank that it would seek a default and that he had been fooled by the bank's conduct into believing that he would not be required to respond to the complaint or take action to set aside the default judgment.

██ Failure by the moving party to give prior notice of its intent to seek a default, although inappropriate, will not be sufficient to render the ensuing default judgment void or to authorize untimely filing of a motion for relief from that judgment. *Kenai Peninsula Borough v. English Bay Village*, 781 P.2d 6, 8 n. 2 (Alaska 1989). Although the bank had pursued its claims to judgment and had given him no explicit indication that it did not intend to enforce that judgment, Benedict allowed a year to pass, while the bank pursued collection on the judgment in a lawsuit in his home state. His motion was not made within a reasonable time, and was properly denied.

## IV. *CONCLUSION*

It was not an abuse of discretion for the trial court to deny the motion for relief from judgment. Benedict's delay in filing the motion was unreasonable.[1] He has failed to offer any reasonable excuse for his failure to act sooner. The judgment of the superior court is AFFIRMED.

██

---

1. *See, e.g., Princiotta v. Municipality of Anchorage*, 785 P.2d 559 (Alaska 1990) (twenty-two day delay reasonable); *Alaska Placer Co. v. Lee*, 502 P.2d 128 (Alaska 1972) (forty-nine day delay reasonable); *Security Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062 (10th Cir.1980) (115 day delay unreasonable); *Central Operating Co. v. Utility Workers of Am., AFL–CIO*, 491 F.2d 245 (4th Cir.1974) (four month delay unreasonable).