ROWLAND, APPELLEE, *v.* FINKEL,
TRUSTEE, ET AL., APPELLANTS.

(No. 4060—Decided
February 18, 1987.)

*Larry D. Alderman,* for appellee.
*Charles J. Pawlukiewicz* and *Josephine V. Grimm,* for appellants.

QUILLIN, P.J. In 1974, plaintiff-appellee, Billy S. Rowland, was approached by defendants to assist in the purchase of the Antlers Hotel property located in Lorain, Ohio. The property at that time was owned by a third party. The defendants were unable to purchase the property because they could not obtain financing. Rowland and defendants agreed that Rowland would purchase the property in his name and then sell it to defendants on land contract.

Rowland purchased the property on June 6, 1974 for $141,000. Defendants paid $5,000 and Rowland borrowed the balance from a bank which took a mortgage on the property. Rowland then sold the property on land contract to defendants for $200,000. The land contract payments were designed to match the payments required of Rowland to pay the mortgage.

The land contract was secured by an eight and one-quarter percent $200,000 promissory note. The note was due in one year with interest payments due every three months. The defendants made only one interest payment.

The land contract provided that, upon default, Rowland could "initiate forfeiture of the interest of the vendee[s] * * * or may take judgment on the note being given as security." On December 19, 1975, Rowland filed suit. Count one of the complaint alleged a vendor's lien on the property. Count two set up the promissory note. The relief sought was: (1) judgment for $212,782.49, (2) "foreclosure and cancellation of the land contract," and (3) that the property be sold and that Rowland be paid the purchase price from the proceeds of the sale. The defendants, although properly served, did not answer the complaint.

The judgment entry granted both a judgment for $212,782.49, plus interest, and also a "cancellation and termination" of the land contract. A certificate of judgment was filed and a notice of the cancellation of the land contract was filed with the county recorder.

In August 1985, defendant-appellant Warren Finkel was served with a notice to appear for a debtor's examination. When efforts to resolve the matter failed, Finkel, on January 24, 1986, filed a motion to vacate the judgment.

In 1985, Rowland sold the property for $150,000. This apparently triggered the debtor's exam. Rowland claims that, at all times, he intended, and so informed defendants, to look to them for his "out-of-pocket" losses as a result of the transaction. Rowland claims that these out-of-pocket losses amount to $139,449.09.

The trial judge overruled the motion to vacate the judgment, ruling that defendants' real complaint was that the judgment itself was erroneous and that relief would be warranted, if at all, under Civ. R. 60(B)(1) which has a one-year limitation. The court further found that defendants were aware of the judgment language throughout the ten-year period and therefore the motion to vacate was not made within a reasonable time. For the reasons that follow, we believe that defendants were entitled to relief from the judgment and we remand the action to the trial court for that purpose.

The assigned errors which appellants separately argued are:

"B. The trial court erred in its interpretation and application of Rule 60(B).

"C. The trial court abused its discretion by erroneously basing its determination on facts not before it.

"D. The trial court erroneously determined that Civ. R. 60(B)(1) and not Civ. R. 60(B)(4) or 60(B)(5) applied.

"E. The trial court abused its discretion in denying appellants' motion to vacate without affording a full and fair hearing."

Because they are interrelated, we shall address them as one.

This case is difficult because the principle that justice should be done often competes with the need to achieve finality in litigation.

We have little difficulty concluding, and the appellee does not argue to the contrary, that the original judgment was erroneous. There is simply no basis in law or fact for this judgment which both allows a recovery for the purchase price and at the same time returns title to the vendor. Even the most liberal application of the election of remedies doctrine will not permit this. Our problem is complicated by the fact, as found by the trial judge, that defendants were aware of the judgment's wording and did nothing.

It is apparent that if relief is to be granted, it must be under that part of Civ. R. 60(B) which provides:

"* * * [U]pon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons:

"* * *

"(4) the judgment has been satisfied * * *; or (5) any other reason justifying relief from the judgment. * * *"

This brings us to an examination of Civ. R. 60(B)(4) and (5).

In order to fully understand the ramifications of Civ. R. 60(B)(4) and (5), a historical perspective is necessary. Ohio Civ. R. 60(B)(4) and (5) are patterned after Fed. R. Civ. P. 60(b)(5) and (6) and can be fully understood only by understanding the federal rule. An extended discussion of the history of Fed. R. Civ. P. 60(b) may be found in 7 Moore's Federal Practice (1983), Paragraph 60.09, at 60-65 *et seq.*

Prior to the adoption of the federal Civil Rules, the district court was, in general, without power to reconsider its final judgments after the expiration of the term. Exceptions to the general rule were the ancillary remedies of *coram nobis* (or *vobis*), *audita querela,* and bill of review — which remedies had developed to give relief after term in certain limited situations. Exceptions were also sometimes based on the court's inherent power over its judgment as well as the independent action in equity to enjoin enforcement of, or otherwise obtain relief from, a judgment.

When Fed. R. Civ. P. 60 was first adopted, it contained no counterpart to the present Fed. R. Civ. P. 60(b)(5) and (6). It did, however, by a savings clause, preserve the equitable power of a federal court to entertain an independent action to enjoin, or otherwise give relief from, a judgment on whatever basis chancery would afford relief. The savings clause was also construed to preserve the substance of the old an-

cillary common-law and equitable remedies of *audita querela, coram nobis* (or *vobis*) and bill of review.

When the federal rule was amended in 1946 (effective in 1948), the provision for· the common-law writs was abolished and, *inter alia,* clauses (b)(5) and (b)(6) were added. Although "the rule puts an end to the niceties of the writs, it retains their substance. * * *" 11 Wright & Miller, Federal Practice and Procedure (1973) 234, 237, Section 2867.

It is now generally acknowledged that a motion for relief from a judgment under Fed. R. Civ. P. 60(b) is addressed to the discretion of the court. Appellate review is limited to determining whether the trial court abused that discretion. In exercising that discretion, equitable principles may be taken into consideration.

It has been recognized that the rule is broadly phrased and that many of the itemized grounds are overlapping, freeing courts to do justice in hard cases where the circumstances generally measure up to one or more of the itemized grounds. In many cases it is difficult, if not inappropriate, to specify or restrict the claim for relief to a particularized ground. *Compton* v. *Alton Steamship Co.* (C.A. 4, 1979), 608 F. 2d 96, 102.

In the case before us, the trial court ruled that the motion for relief was not brought within a reasonable time. We can not agree. Rowland himself maintains that he told defendants that he intended to look to them for only his "out-of-pocket loss." This figure became ascertainable, Rowland argues, when he sold the property. It was only then that Rowland commenced his collection efforts.

There is ample authority that a motion for credit on a judgment is properly considered a Fed. R. Civ. P. 60(b)(5) motion. See, *e.g., Kassman* v. *American University* (C.A.D.C. 1976), 546 F. 2d 1029, 1033. Therefore, even assuming that defendants did not seasonably attack the original judgment, they did timely bring to the attention of the court that the money judgment had been at least partially satisfied by virtue of the sale of the property.

While a trial court has considerable discretion in deciding motions under Fed. R. Civ. P. 60(b), it does not have discretion to require two ·satisfactions where the opposing party has suffered no prejudice from the moving party's delay in raising the satisfaction issue. *Sunderland* v. *Philadelphia* (C.A. 3, 1978), 575 F. 2d 1089.

Having determined that the trial court erred in finding the motion was not made within a reasonable time, we reverse and remand the cause to the trial court to reconsider "upon such terms as are just" relief from the judgment.

*Judgment reversed and cause remanded.*

HOFSTETTER, J., concurs.

GEORGE, J., concurs separately.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.

GEORGE, J., concurring. This case is unusual because the judgment not only cancelled the land installment contract and gave appellee possession of the property, but also awarded him a money judgment for the amount of the note securing the land installment contract. This is double recovery.

I agree with the result reached by the majority. However, I do not agree that Civ. R. 60(B)(4) is the proper avenue for relief from judgment here. Civ. R. 60(B)(4) permits a court to relieve a party from a final judgment where "the judgment has been satis-

fied, released or discharged * * *." The judgment here, as rendered, has not been "satisfied, released or discharged." The total money award of $212,782.49, plus interest, is still outstanding.

Rather, I believe Civ. R. 60(B)(5), permitting relief for "any other reason justifying relief from the judgment," is applicable to the facts of this case. The Staff Note to the fifth ground of Civ. R. 60(B) characterizes this prong of the rule as reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. *State, ex rel. Gyurcsik,* v. *Angelotta* (1977), 50 Ohio St. 2d 345, 346, 4 O.O. 3d 482, 483, 364 N.E. 2d 284, 285. Certainly, a judgment that grants double recovery is unjust, entitling defendant to seek relief under Civ. R. 60(B)(5).