HANKS et al., Appellants,

v.

BURT; St. Elizabeth Medical Center et al., Appellees.

[Cite as *Hanks v. Burt* (1994), 99 Ohio App.3d 403.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14616.

Decided Dec. 21, 1994.

*Marylee Gill Sambol,* for appellants.

*Frank Woodside III* and *K.C. Green,* for appellee St. Elizabeth Medical Center.

*Neil Freund,* for appellee Max E. Blue, M.D.

BROGAN, Judge.

Appellants, Theda and Howard Hanks, appeal from a judgment overruling their motion for relief from judgment under Civ.R. 60(B)(4) and (5) by the Montgomery County Court of Common Pleas. The appellants submit two assignments of error.

The facts underlying this matter are familiar and undisputed. Mrs. Hanks was a patient of Dr. James Burt. On June 1, 1984, Dr. Burt, assisted by appellee, Dr. Max E. Blue, performed a hysterectomy and, without her consent, his experimental "love surgery" on Mrs. Hanks at St. Elizabeth Medical Center ("SEMC"), appellee herein. Following surgery, Mrs. Hanks experienced severe health problems, "such as painful intercourse, * * * incontinence, vaginal itching and drainage, fever, nausea and vomiting [and] bowel problems[.]" (Plaintiffs' Motion for Relief, Exhibit A, Affidavit of Theda Hanks, paragraph 3.) Dr. Burt assured her these problems were "normal after a hysterectomy, and that they would all improve with time." *Id.*

Mrs. Hanks' problems did not improve. In 1988, a representative of the Ohio State Medical Board contacted Mrs. Hanks concerning her surgery. Seven months later, the appellants filed a complaint against Dr. Burt and the appellees on February 8, 1989. The appellants alleged medical malpractice against Drs. Burt and Blue, and negligent credentialing against SEMC. Dr. Burt did not respond to the complaint and the court issued a default judgment against him on February 7, 1990. Dr. Burt is not a party to this appeal.

SEMC and Dr. Blue moved for summary judgment, alleging that the appellants did not bring their claims within the one-year statute of limitations for medical claims contained in R.C. 2305.11. The appellants maintained that the statute of limitations did not begin to run until Mrs. Hanks was notified of possible problems with the surgery by the State Medical Board. The trial court granted summary judgment, holding that the appellants were "well aware that the medical problems * * * were the result of some improper medical treatment * * * as early as December, 1984, and definitely prior to February 9, 1987."

The appellants brought their appeal of that decision to this court. We affirmed the trial court's judgment, holding "that Mrs. Hanks' significant medical problems were a cognizable event or events, and that Mrs. Hanks was aware of the malpractice prior to February 9, 1987." *Hanks v. Burt* (Jan. 25, 1991), Montgomery App. No. 12257, unreported, 1991 WL 6312, jurisdictional motion overruled (1991), 61 Ohio St.3d 1413, 574 N.E.2d 1076.

Subsequent to our decision in *Hanks*, we decided the case of *Browning v. Burt* (Aug. 20, 1991), Montgomery App. No. 12176, unreported, 1991 WL 227775, affirmed (1993), 66 Ohio St.3d 544, 613 N.E.2d 993, certiorari denied *sub nom. St. Elizabeth Med. Ctr. v. Browning* (1994), 510 U.S. ——, 114 S.Ct. 1054, 127 L.Ed.2d 375. In *Browning*, we held that the one-year statute of limitations did not begin to run on claims of negligent credentialing until the occurrence of a "cognizable event." In that case, we determined that there was no evidence "that the appellant knew or should have known that the hospital had failed to perform its legal duty to her until she saw" a television news program which detailed the medical complaints, similar to those suffered by the appellant, of several of Dr. Burt's patients. *Id.* We also held that, "[t]o the extent our opinion in *Hanks v. Burt* * * * conflicts with this opinion, it is overruled." *Id.*

The Ohio Supreme Court modified and affirmed our decision. The court held that a claim of negligent credentialing is not a medical claim, but rather is subject to the two-year statute of limitations in R.C. 2305.10. *Browning v. Burt* (1993), 66 Ohio St.3d 544, 613 N.E.2d 993, paragraph three of the syllabus, certiorari denied *sub nom. St. Elizabeth Med. Ctr. v. Browning* (1994), 510 U.S. ——, 114 S.Ct. 1054, 127 L.Ed.2d 375. Furthermore, the court held that the two-year period does not begin to run until the occurrence of an "alerting event," sufficient to allow a plaintiff to discover "some definitive information that would reasonably warrant investigation of the hospital's credentialing practices." *Id.*, 66 Ohio St.3d at 561, 613 N.E.2d at 1006.

This court has since reversed and remanded several grants of summary judgment in favor of SEMC on the authority of *Browning*. *E.g., Moore v. Burt* (1994), 96 Ohio App.3d 520, 645 N.E.2d 749. The main distinction between those cases and the one at bar is that this court had not previously addressed those appeals, whereas we previously affirmed the trial court's grant of summary judgment in this case.

The appellants filed a motion for relief from judgment under Civ.R. 60(B)(4) and (5) with the trial court, citing the *Browning* decision. The appellees opposed the motion on the grounds that "a subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)." *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 28 OBR 225, 502 N.E.2d 605, paragraph one of the

syllabus. The trial court agreed with the appellees and overruled the motion. This timely appeal followed.

The appellants propose two assignments of error:

"1. The trial court erred when it overruled plaintiff's motion for relief from judgment.

"2. When the movant meets the criteria set out in Civil Rule 60(B), the trial court abuses its discretion when it denies a motion for relief from judgment."

Because we believe these two assignments are essentially identical, we will consolidate them for purposes of our analysis.

Civ.R. 60(B) prescribes the reasons for which a court may revisit, and grant a party relief from, a final judgment. The rule states, in part:

"(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

The Ohio Supreme Court has interpreted the rule to impose upon the movant the burden to "demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

Our review of the trial court's judgment is a narrow one. "It is within the sound discretion of the trial court to decide whether to grant a motion for relief from judgment, and in the absence of a clear showing of abuse of discretion, the

decision of the trial court will not be disturbed on appeal." *Miamisburg Motel v. Huntington Natl. Bank* (1993), 88 Ohio App.3d 117, 127, 623 N.E.2d 163, 170. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

In this case, the appellants have met the first and third *GTE Automatic* requirements. There is little doubt that the appellants' underlying claim is meritorious, and the trial court found that their motion under Civ.R. 60(B)(4) and (5) was filed within a reasonable time. (Decision and Order, May 25, 1994.) The key issue for our determination is whether the court abused its discretion when it held that the appellants were not entitled to relief under Civ.R. 60(B)(4) or (5).

Civ.R. 60 attempts to balance several competing policies. "The rule strikes a balance between the need for judgments to be final and the need for courts to vacate their orders to further justice and fairness." *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.* (1979), 64 Ohio App.2d 285, 287, 18 O.O.3d 319, 320, 413 N.E.2d 850, 853.[1] Thus, "Civ.R. 60(B) is a remedial rule and should be liberally construed[.]" *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 685, 23 O.O.3d 551, 552, 433 N.E.2d 612, 613. However, this liberal construction is duly cautioned by the countervailing notion that "when a judgment has been rendered in due course by a court of final jurisdiction the parties should not be left in doubt as to its finality or be led to speculate on the possibility that a different court in a controversy between different parties may afterwards differently decide the legal questions involved. It frequently happens that a court of last resort overrules a reported decision formerly made by it, but no one would contend that the overruling operated to open afresh the controversy disposed of in the overruled case." *State ex rel. Sylvania Home Tel. Co. v. Richards* (1916), 94 Ohio St. 287, 295, 114 N.E. 263, 265.

The Supreme Court recognized the "strong interest in the finality of judgments," *Doe, supra,* 28 Ohio St.3d at 131, 28 OBR at 227, 502 N.E.2d at 608, when it held that a change in the controlling case law is insufficient grounds for relief under Civ.R. 60(B). The court reasoned:

"To hold otherwise would enable any unsuccessful litigant to attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law. Such a result would undermine the stability of final judgments and, in effect, render their enforceability conditional upon there

---

1. For a historical perspective of Civ.R. 60(B)(4) and (5), see *Rowland v. Finkel* (1987), 33 Ohio App.3d 77, 78–79, 514 N.E.2d 949, 950–952.

being 'no change in the law.'" *Id.*, quoting *Parks v. U.S. Life & Credit Corp.* (C.A.11, 1982), 677 F.2d 838, 841.

The court recognized that a contrary stance would "do violence to the well-settled principle that ' * * * [t]here must be an end to litigation someday[.] * * * '" *Id.*, quoting *Ackermann v. United States* (1950), 340 U.S. 193, 198, 71 S.Ct. 209, 211–212, 95 L.Ed. 207.

We conclude that *Doe* is applicable to this case and hold that the trial court did not abuse its discretion when it overruled the appellants' motion for relief. This court previously rendered a final judgment between these parties. Although we subsequently overruled that decision in *Browning*, the change in the case law reflected in our decision as modified by the Supreme Court does not now provide the appellants with a right to relief under Civ.R. 60(B).[2]

The appellants argue here that *Browning* did not change the controlling case law; rather, "it set forth the law that has always existed even if it had not been applied." *State ex rel. Tavenner v. Indian Lake Local School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 88, 90, 578 N.E.2d 464, 465, interpreting *State ex rel. Brown v. Milton–Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 531 N.E.2d 1297. We are not persuaded. In *Brown*, the Supreme Court held that a "tutor" was a "teacher" within the meaning of R.C. 3319.09(A). *Brown, supra*, 40 Ohio St.3d at 22, 531 N.E.2d at 1298–1299. The court's holding was not at odds with any former decisions. *Tavenner, supra*, 62 Ohio St.3d at 90, 578 N.E.2d at 465–466. To the contrary, in *Browning*, we overruled our prior holding in *Hanks*. We believe that *Browning*, as modified and affirmed by the Supreme Court, affected a change in the controlling case law that was the basis for our prior decision in this case. We find the appellants' assignments of error to be without merit.

Therefore, having overruled the appellants' assignments of error, we hold that the trial court did not abuse its discretion in its disposition of the appellants' motion for relief. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN and FREDERICK N. YOUNG, JJ., concur.

---

**2.** The appellants sought relief under Civ.R. 60(B)(4) or (5). We do not believe they would be entitled to relief under subsection (4) because:

"[I]t is well-settled that relief under Civ.R. 60(B)(4), ' * * * is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed.'" *Doe, supra*, 28 Ohio St.3d 128, 130, 28 OBR 225, 226, 502 N.E.2d 605, 607, fn. 2, quoting Wright & Miller, Federal Practice and Procedure (1973) 204, Section 2863.

However, this issue does not bear upon our resolution of this appeal.