OPINION
This is an appeal from a judgment of the Court of Common Pleas of Greene County denying a motion filed by the plaintiff, Emmett Johnson, for relief under the provisions of Civ.R. 60(B)(2), Civ.R. 60(B)(5) and Civ.R. 54(B).
A brief chronological history of the case will give some insight into the nature of the appeal. On March 14, 1997, the plaintiff filed an amended complaint alleging that while he was removing or dislodging stone from a conveyor, the conveyor, without warning, started and entangled his right arm and upper body between the conveyor belt and pulley, thus causing grievous injuries.
On March 31, 1997, the defendant, Hilltop Basic Resources, filed a motion to dismiss under Civ.R. 12(B)(6) claiming that the allegations of the amended complaint were insufficient to state a cause of action based upon an intentional tort.
In a written decision, entered on May 5, 1997, the Common Pleas Court sustained the motion to dismiss, and in so doing, specifically found "that the factual allegations of plaintiff's amended complaint, at most, allege either negligence or recklessness, but fail to support either any reference or finding that the defendant, Hilltop Basic Resources, had knowledge that an injury to its employee was certain or substantially certain to occur."
Subsequently, the cause was appealed to this court which noted that the trial court had applied the wrong standard to the plaintiff's pleading because the General Assembly had enacted R.C.2745.01 on November 1, 1995, which required deliberate and intentional conduct on the part of an employer rather than a substantial certainty of harm to the employee as discussed in the case of Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115. However, this court proceeded to affirm the judgment of the Common Pleas Court with the following comments:
 Our review of the trial court's opinion reveals that it did not use, or even discuss, the stricter standard for an intentional tort set forth in R.C. 2745.01, but, instead, relied upon the more liberal common law standard. Even applying the common law standard, we agree with the trial court that the amended complaint fails to allege facts sufficient to withstand scrutiny under Civ.R. 12(B)(6). Therefore, we must affirm the judgment of the trial court.
Johnson v. Hilltop Basic Resources, Inc. (June 19, 1998), Greene App. No. 97-CA-50, unreported.
Having thus determined that the plaintiff's pleading failed to state a valid claim under the common law requirements for an intentional tort, this court commented further as follows:
 Ohio courts will not reach constitutional issues unless it is necessary to do so. In re Miller (1992), 63 Ohio St.3d 99, 110, 585 N.E.2d 396. In this case, our disposition of Johnson's First Assignment of Error, based upon our analysis of the sufficiency of his claim employing the more liberal common law standard for intentional torts, has rendered a consideration of his challenge to the constitutionality of R.C. 2745.01
unnecessary.
Id.
The plaintiff-appellant did not appeal from or in any way challenge the judgment so entered by this court on June 19, 1998, but on April 14, 1999, R.C. 2745.01 was declared unconstitutional in its entirety by the Supreme Court of Ohio. Johnson v. BPChemicals, Inc. (1999), 85 Ohio St.3d 298.
Thereafter, on June 15, 1999, or within a year of the completion of the appellate process, the plaintiff filed a motion under Civ.R. 60(B)(2) and Civ.R. 60(B)(5) seeking permission to amend his complaint to allege additional facts for the purpose of showing a valid common law intentional tort claim.
The defendant, Hilltop Basic Resources, opposed the motion contending, among other things, that a Civ.R. 60(B) motion was not a proper substitute for an appeal and that a change in the applicable law was not a sufficient basis for obtaining relief from final judgment under Civ.R. 60(B). However, the trial court, relying entirely upon the timeliness of the plaintiff's motion, overlooked the objection of the defendant to the propriety of the motion and proceeded to consider whether Mr. Johnson had a meritorious claim to present. See GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146. In other words, the dismissal of the plaintiff's amended pleading was based entirely upon a finding that it still failed to state a claim for an intentional tort.
In the present appeal, the appellant has set forth two assignments of error as follows:
 1. THE TRIAL COURT BY DECISION AND JUDGMENT DATED SEPTEMBER 17, 1999 ERRED BY REFUSING TO VACATE ITS JUDGMENT OF DISMISSAL ENTERED MAY 5, 1997 AND PERMIT PLAINTIFFS FILING A SECOND AMENDED COMPLAINT, ON THE ERRONEOUS BASIS THAT PLAINTIFFS DID NOT PRESENT A MERITORIOUS CLAIM AS REQUIRED BY OHIO CIV.R. 60(B)(2) AND (B)(5).
 2. THE TRIAL COURT BY DECISION AND JUDGMENT DATED SEPTEMBER 17, 1999 ERRED BY REFUSING TO REVISE ITS JUDGMENT OF DISMISSAL DATED MAY 5, 1997 PURSUANT TO OHIO CIV.R. 54(B) AND PERMIT PLAINTIFFS FILING A SECOND AMENDED COMPLAINT, DESPITE THE COURT NOT EXPRESSLY DETERMINING ALL RIGHTS AGAINST ALL PARTIES AND INSTEAD TREATING THE CONSORTIUM CLAIMS AS DERIVATIVE.
Both of the alleged errors are responsive to the written dismissal entry filed by the Common Pleas Court on September 17, 1999, but the initial issue presented in this appeal, as raised by the defendant and portrayed by the record, is essentially one of procedure.
In the case of Doe v. Trumbull Cty. Children Services Bd.
(1986), 28 Ohio St.3d 128, which has many characteristics similar to those of the present case, the syllabus provides as follows:
 1. A subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B).
 2. A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal.
The Doe case was followed by this court in Hanks v. Burt
(1994), 99 Ohio App.3d 403 even though the appellants in the Hanks
case were able to show that their claim was meritorious and filed within a reasonable time.
Hence, this court cannot say that the trial court abused its discretion in denying the Civ.R. 60(B) motion. Nor does it appear that the trial court erred in its disposition of the Civ.R. 54(B) motion. All claims, including any derivative right to consortium, were dismissed by the trial court in its original decision.
Accordingly, the judgment of the Common Pleas Court will be affirmed.
WOLFF, J., and FAIN, J., concur.