OPINION
{¶ 1} Defendants-Appellants, Arnold Escobar and Herlinda Escobar ("Escobars"), appeal the September 3, 2004 judgment entry of the Common Pleas Court of Seneca County denying their motion for relief from judgment.
 {¶ 2} On April 24, 2001, plaintiff-appellee, Blasa Reyna ("Reyna"), a creditor of the Escobars, obtained a final judgment in the Hidalgo County Court in Texas against the Escobars for $59,458.84, plus ten percent post-judgment interest and costs. The final judgment also provided for an additional, automatic award of $15,000.00 for collection expenses neither incurred nor evidenced, without any further procedural or substantive process of law, nor providing for the opportunity to challenge the amount thereof in the event collection of the judgment was necessary. The Texas abstract of judgment showed the amount of judgment to be $74,458.84, which was comprised of the original $59,458.84 judgment plus the automatic award of $15,000.00 collection costs.
 {¶ 3} On October 15, 2001, Reyna levied execution upon property owned by the Escobars in Hidalgo County, Texas. On December 27, 2001, the property was sold to Reyna for $1,307.00, the amount reflecting the highest bid on the property. At the time of the sheriff's sale, the property was certified by the Hidalgo County Auditor to be worth $70,556.00. There was no other evidence of the value of the property at the time of the sale other than the county auditor's fair market valuation. Under Texas law, in a sheriff's sale under a writ of execution, there is no procedure for appraisal or minimum bid, as there is under Ohio law. Rather, under Texas law, the property is sold to the highest bidder at whatever price is offered, regardless of how low the highest bid is.
 {¶ 4} On February 4, 2004, Reyna filed the judgment she had obtained in Texas against the Escobars with the Seneca County Clerk of Courts. Reyna filed the foreign judgment pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act, adopted and codified in Ohio in R.C. 2329.021 through 2329.027. On March 2, 2004, the Escobars filed a Rule 60(B) motion for relief from the judgment. Reyna filed a brief in opposition to the motion. Oral argument on the motion was held on July 7, 2004. On September 3, 2004, the trial court denied the Escobars' motion for relief from judgment. It is from this judgment that the Escobars now appeal asserting the following assignment of error.
The Seneca County Court of Common Pleas erred to the prejudice ofappellants by denying their Civil Rule 60(B)(4) Motion for relief from aTexas judgment, domesticated in Ohio under Ohio's Uniform Enforcement ofForeign Judgment Act (R.C. 2329.021 through 2329.027)[.]
 {¶ 5} In their sole assignment of error, the Escobars argue that the trial court did not have discretion to deny their Rule 60(B) motion for relief from judgment. The Escobars first argue that the trial court should not have recognized the portion of the Texas judgment that awarded a fixed amount for collection costs since Reyna failed to show that the collection costs were actually incurred. Second, the Escobars argue that the trial court abused its discretion in recognizing Texas' method of sheriff's sale upon a foreclosure of a judgment lien since Reyna purchased the property at the sheriff's sale for only $1,307.00 when the property had a fair market value of over $70,000.00, according to the county auditor.
 {¶ 6} We review a trial court's decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Strack v. Pelton,70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In order to prevail on a motion brought under Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 7} In the case sub judice, the Escobars seek relief from a judgment originally obtained in the state of Texas. The Texas judgment was filed in the Common Pleas Court of Seneca County pursuant to Ohio's Uniform Enforcement of Foreign Judgment Act, which is codified in sections 2329.021
through 2329.027 of the Ohio Revised Code. R.C. 2329.021 provides:
As used in sections 2329.021 to 2329.027 of the Revised Code, "foreignjudgment" means any judgment, decree, or order of a court of the UnitedStates, or of any court of another state, that is entitled to full faithand credit in this state.
 {¶ 8} With respect to the filing and status of foreign judgments, R.C. 2329.022 provides:
A copy of any foreign judgment authenticated in accordance with section1738 of Title 28 of the United States Code, 62 Stat. 947(1948), may befiled with the clerk of any court of common pleas. The clerk shall treatthe foreign judgment in the same manner as a judgment of a court ofcommon pleas. A foreign judgment filed pursuant to this section has thesame effect and is subject to the same procedures, defenses, andproceedings for reopening, vacating, or staying as a judgment of a courtof common pleas and may be enforced or satisfied in same manner as ajudgment of a court of common pleas.
 {¶ 9} The Escobars assert that they are not collaterally attacking the Texas judgment and, in fact, even acknowledge that the judgment is entitled to full faith and credit in Ohio. However, the Escobars request relief from the Texas judgment and challenge the collection procedures used to attempt to obtain collection of the judgment in the state of Texas. The Escobars argue that the state of Ohio has an interest in applying its own laws governing collection procedures and should not assist in, or recognize, the procedures permitting a foreign judgment creditor to gain collection rights that Ohio judgment creditors do not have. In their first argument, the Escobars argue that a judgment creditor should not be able to collect on a judgment that includes an automatic award of $15,000.00 for collection costs where it was not shown that such costs were actually incurred. For the following reasons, we find this argument to be unpersuasive.
 {¶ 10} "The doctrine of full faith and credit requires that the state of Ohio give to those acts, records, and judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of the state from which they are taken." Holzemer v. Urbanski,86 Ohio St.3d 129, 1999-Ohio-91, 712 N.E.2d 713, syllabus.
A valid judgment rendered in Texas must be recognized in Ohio. Whetherthe judgment is valid is based on Texas law. A valid judgment rendered inTexas will be recognized and enforced in Ohio even though the strongpublic policy of Ohio would have precluded recovery in its courts on theoriginal claim.
 Speyer v. Continental Sports Cars, Inc. (1986), 34 Ohio App.3d 272,518 N.E.2d 39, paragraph one of the syllabus. A foreign judgment is subject to collateral attack in Ohio only if there was no subject matter or personal jurisdiction to render the judgment under the law of the foreign state. Litsinger Sign Co. v. American Sign Co. (1967),11 Ohio St.2d 1, 227 N.E.2d 609, paragraph one of the syllabus. There is no evidence in the record of the case sub judice that the Escobars did not consent to the jurisdiction of the county court in Texas. The record reflects that the Escobars were represented by counsel throughout the proceedings, responded to pleadings and presented evidence to the court.
 {¶ 11} The original judgment rendered in the county court of Texas was entered in favor of Reyna upon her motion for summary judgment. The judgment awarded Reyna $59,458.84, plus ten percent interest and an automatic award of $15,000.00 for collection expenses, without a showing that such expenses were incurred. The Escobars filed a motion for new trial in the Texas court, which was denied. The Escobars did not appeal the judgment for $59,458.84 or the provision for the automatic award of $15,000.00 for collection costs. The Texas court abstract of judgment shows the amount of judgment to be $74,458.84, which reflects the original judgment of $59,458.84 plus the award of $15,000.00 for collection costs.
 {¶ 12} Therefore, the Texas court's abstract of judgment was a final judgment in Texas. Pursuant to the Full Faith and Credit Clause and Ohio's Uniform Enforcement of Foreign Judgment Act, the final order of the Texas court must be given full faith and credit in the state of Ohio. Accordingly, the collection costs cannot now be collaterally attacked in Ohio courts.
 {¶ 13} However, Ohio courts do have jurisdiction to enforce foreign judgments and determine issues of whether foreign judgments have been satisfied. In their second argument, the Escobars argue that Reyna collected on the judgment through her purchase of the Escobars' home in Hidalgo County, Texas at a sheriff's sale for an amount well below the county auditor's fair market value appraisal. Therefore, the Escobars assert that Reyna is attempting to use Ohio courts to obtain double satisfaction of the judgment.
 {¶ 14} The Escobars rely on the case of Rowland v. Finkel (1987),33 Ohio App.3d 77, 514 N.E.2d 949. The Rowland case involved a land contract sale upon which the purchasers defaulted. The land contract provided that, upon default, the vendor could "initiate forfeiture of the interest of the vendee[s] * * * or may take judgment on the note being given as security." Id. at 77. The vendor obtained a judgment for $212,782.49, plus interest, and a cancellation and termination of the land contract. The vendor then sold the property for $150,000. The appellate court found that there was no basis in law or fact for the trial court's judgment allowing both a recovery for the purchase price and at the same time returning title to the vendor. Even though the purchasers were aware of the judgment's wording and did not do anything at the time of satisfaction, the court found that they were entitled to relief under Civ.R. 60(B). "While a trial court has considerable discretion in deciding motions under Fed.R.Civ.P. 60(b), it does not have discretion to require two satisfactions where the opposing party has suffered no prejudice from the moving party's delay in raising the satisfaction issue." Id. at 79. While the Escobars rely on this proposition of law in support of their argument, we conclude that the Rowland case is inapplicable to the case sub judice for the following reasons.
 {¶ 15} After obtaining a judgment for $59,458.84, Reyna attempted to collect the amount from the Escobars. The parties reached a settlement agreement which the Escobars later breached. Reyna then proceeded to levy execution upon the Escobars' home in Hidalgo County, Texas. At the sheriff's sale for the property, Reyna purchased the property for $1,307.00. The Escobars purport that the property was valued at $70,556.00 by the Hidalgo County Auditor at the time of the sale. Therefore, the Escobars argue that Reyna is attempting to obtain a second judgment by seeking collection of the original judgment against them. The issue before this Court is whether the Texas judgment was satisfied by Reyna's purchase of the Escobars' home at the sheriff's sale.
 {¶ 16} In the Holzemer case, the appellant challenged the validity of the acts of decedent, and the acts of defendants, concerning the substitution of a second trust for an earlier one. Holzemer,86 Ohio St.3d at 130. The decedent's estate had been administered in a probate court in the state of Michigan. In determining the issue of whether the doctrine of res judicata operated in the circumstances of the case to preclude appellant from moving forward to litigate the claims set forth in her complaint, the Ohio Supreme Court examined the terms of the Full Faith and Credit Clause, considered the application of res judicata to the claims, and looked to Michigan law to determine whether appellant should be barred from raising her claims. Id. at 131. In examining the Full Faith and Credit Clause, the Court determined that "Ohio courts must give the same `credit' to the Michigan probate proceeding at issue in this case as that proceeding would carry in Michigan's own courts." Id. at 132.
We must first determine what effect or credit Michigan courts wouldhave given to the completed expedited probate proceeding if [appellant]had attempted to file in a Michigan court a suit similar to the one shefiled in Ohio, and if defendants had interposed the completed probateproceeding as a defense to attempt to bar her claims. Then, we must givethe completed Michigan probate proceeding the same effect or credit inOhio that it would have carried in that hypothetical suit in Michigan.
Id.
 {¶ 17} The analysis employed by the Ohio Supreme Court in theHolzemer case is applicable in the case sub judice. We must look to Texas law to determine whether Reyna's purchase of the Escobars' property at the sheriff's sale was proper and whether it satisfies the amount awarded to Reyna in the original judgment. The parties agree that under Texas law, in a sheriff's sale under a writ of execution, there is no procedure for fair market appraisal or for eliminating bids under a certain minimum amount. Unlike under Ohio law, a sheriff's sale in Texas is subject to a simple bidding process in which the highest bidder wins, no matter how low the bid is.
 {¶ 18} The bidding for the Escobars' property at the sheriff's sale started at $1,307.00. Reyna's representative bid that amount on the property on Reyna's behalf. Since no other bids were made on the property, Reyna was awarded the property for the amount of $1,307.00. Regardless of the auditor's appraisal of the fair market value of the property, only $1,307.00 was realized from the sale of the property. Although under similar circumstances in Ohio a sheriff's sale would be conducted differently, we cannot apply Ohio law to a sheriff's sale conducted in Texas. We must recognize the proceedings properly conducted in Texas and determine whether the judgment is now satisfied. The $1,307.00 realized by Reyna from the sale of the property should be applied to offset the amount owed by the Escobars. However, the amount is substantially less than the judgment amount and, under Texas law, the judgment is not satisfied. Therefore, Reyna is entitled to collect the remaining portion of the judgment from the Escobars in Ohio. Reyna's collection of the remaining amount of the judgment from the Escobars is not double satisfaction of the judgment.
 {¶ 19} Our review of the record reveals that the Escobars have failed to prove that they have a meritorious defense or claim to present if relief is granted or that they are entitled to relief under one of the grounds stated in Civ.R. 60(B). Accordingly, the assignment of error is overruled and the judgment of the Common Pleas Court of Seneca County is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.