OPINION
{¶ 1} The defendant-appellant, Jeffrey L. Freeman ("Freeman"), pro se, appeals the judgment of the Hancock County Common Pleas Court overruling his pro se motion filed pursuant to Civ.R. 60(B)(3).
 {¶ 2} On August 30, 2002, the State of Ohio Department of Taxation ("State") obtained a judgment against Freeman as the result of an assessment, which had become final. The assessment was based on Freeman's failure to file a return and pay state income tax in 1989. The trial court scheduled a debtor's examination for July 23, 2003. Freeman filed a written "letter brief" with the trial court on July 14, 2003, which voiced his disagreement with the proceedings and the judgment entered against him. Among other arguments, Freeman asserted that the trial court was without subject matter jurisdiction; that the State could not file an assessment or judgment against him because the statute of limitations had expired; that his due process rights had been violated because he did not have notice or a chance to respond to the judgment prior to its entry; and that the debt had been discharged in bankruptcy. Freeman reargued these points at the hearing on July 23, 2003. Several times during the debtor's examination, the trial court indicated that Freeman might want to retain counsel,[1] or that he might want to file a motion pursuant to Civ.R. 60.[2]
 {¶ 3} A second debtor's examination was held on December 15, 2004. Freeman asserted the same arguments he had made previously, and the trial court again asked whether Freeman wished to retain counsel or to seek relief through the filing of a Civ.R. 60(B) motion. On January 10, 2005, the State filed a motion to garnish one of Freeman's bank accounts, which the trial court granted on January 12, 2005. On January 20, 2005, Freeman filed a motion for relief from judgment pursuant to Civ.R. 60(B)(3), and the State filed its response on February 10, 2005. The court heard arguments on the motion on March 8, 2005 and filed its judgment entry overruling Freeman's motion on April 27, 2005. Freeman appeals this judgment and asserts the following assignments of error:
The Appellant alleged the Appellee failed to produce documentsdemonstrating he was not denied due process of law when they[sic] obtained a debt judgment. After the court hearing [sic]this argument[,] and the Appellee producing [sic] no proof, thecourt erroneously denied the Appellant's application to set asidethe Appellee's claim.
 The Appellant alleged the Appellee's claim for a debt that isfifteen years old where there is a four year statute oflimitation. [sic] After the court hearing [sic] this argument andthe Appellee producing [sic] no proof, the court erroneouslydenied the Appellant's application to set aside the Appellee'sclaim.
 The Appellant alleged the Appellee claimed they were followingIRS criteria to collect this debt, yet failing [sic] to producecircumstantial evidence to support their [sic] claims After [sic]the court hearing [sic] this argument[,] and the Appelleeproducing [sic] no proof, the court erroneously denied theAppellant's application to set aside the Appellee's claim.[sic]
 The Appellant alleged the Appellee failed to demonstrate whenthe Appellant's debt was discharged by the U.S. Bankruptcy court,saying the debt was not discharged. After the court hearing [sic]this argument and the Appellee producing [sic] no proof[,] thecourt erroneously denied the Appellant's application to set asidethe Appellee's claim.
 {¶ 4} We have jurisdiction to decide this appeal because a trial court's denial of a Civ.R. 60(B) motion is a final, appealable order, and Freeman filed his notice of appeal within 30 days of the trial court's judgment. See generally Ullmann v.Duffus, 10th Dist. No. 05AP-299, 2005-Ohio-6060, at ¶ 33 (citing Oskar v. Oskar, 9th Dist. No. 12416, 1986 WL 14851); Colley v. Bazell (1980), 64 Ohio St.2d 243,416 N.E.2d 605. We review a trial court's judgment on a Civ.R. 60(B) motion for an abuse of discretion. Reyna v. Escobar, 3rd Dist. No. 13-04-39, 2005-Ohio-424, at ¶ 6 (citing Strack v. Pelton,70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914). An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted))
 {¶ 5} In filing a Civ.R. 60(B) motion, "`the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time,and, where the grounds of relief are Civ.R. 60(B)(1), (2) or(3), not more than one year after the judgment, order orproceeding was entered or taken.'" Reyna, supra at ¶ 6 (citingGTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus) (emphasis added). In this case, Freeman filed a motion captioned "Demand for Relief from Judgment of Debt Under Rule 60(B)(3) with Prejudice" and argued the same contentions as set forth above. The judgment was entered against Freeman on August 30, 2002. The trial court held a debtor's examination on July 23, 2003, and at that time, it informed Freeman that he may want to seek relief from the judgment as provided in the Civil Rules. Freeman failed to take any action under Civ.R. 60 until January 20, 2005. Therefore, Freeman clearly is outside the one year limitation for filing a motion under Civ.R. 60(B)(3), and even if we were to consider his arguments to allow for any other relief under Civ.R. 60(B), we would be unable to find his motion filed within a reasonable time due to the trial court's warnings stated on the record at the July 23, 2003 debtor's examination. From this record, we cannot find the trial court abused its discretion in overruling Freeman's motion. Each assignment of error is overruled.
 {¶ 6} The judgment of the Hancock County Common Pleas Court is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] Hearing Tr., Jun. 27, 2005, 6-7.
[2] Id. at 15:10-13; 15:19-21; 16:1-4; 18:6-10.