OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Anthony Wireman (hereinafter "Wireman"), appeals the judgment of the Allen County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from the trial court's grant of summary judgment in favor of defendant-appellee, Hench Enterprises, Inc. (hereinafter "Ray's").[1] For reasons that follow, we affirm.
 {¶ 2} On December 21, 2004, Wireman entered through the automatic sliding entry doors to the Ray's supermarket in Lima, Ohio. There are two sets of automatic doors into Ray's. The first set of doors open from the outside of the building to a vestibule. The second set of doors open from the vestibule into the supermarket. As Wireman walked through the second set of doors, the doors closed on him causing him to fall and be injured.
 {¶ 3} On April 1, 2005, Wireman filed a complaint against Ray's alleging negligence. On February 28, 2006, Ray's filed its answer denying the allegations and raising affirmative defenses. On May 30, 2007, Ray's moved for summary judgment. Thereafter, Wireman obtained two continuances to file a response to the motion, which were unopposed by Ray's. *Page 3 
 {¶ 4} On July 6, 2007, Wireman filed his response to Ray's motion for summary judgment. On August 14, 2007, the trial court granted summary judgment in Ray's favor. At this point, Wireman learned that he neglected to file several depositions of Ray's employees in support of his response to the motion.
 {¶ 5} On September 13, 2007, Wireman filed a motion for relief from judgment citing mistake, inadvertence, or excusable neglect for his failure to file the depositions. On October 2, 2007, the trial court denied the motion. On October 16, 2007, Wireman filed this present appeal.
 {¶ 6} Wireman now appeals asserting one assignment of error for review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING WIREMAN'S CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT BASED ON A DETERMINATION THAT WIREMAN COULD NOT MAKE A SHOWING THAT HE HAD A MERITORIOUS CLAIM TO PRESENT IF RELIEF WAS GRANTED.
 {¶ 7} In his sole assignment of error, Wireman argues that the trial court abused its discretion in denying his Civ.R. 60(B) motion because he presented a meritorious claim. Specifically, he alleges that Brett Sprague ("Sprague"), a Ray's employee, stated to him that the automatic doors had been malfunctioning for about a week prior to the accident. Wireman alleges that this statement is admissible as a statement of a party opponent under Evid.R. 801(D)(2)(d). As such, Wireman argues that Sprague's statement can be used to show that Ray's *Page 4 
had constructive knowledge of the malfunctioning door; and therefore, he has presented a meritorious negligence claim.
 {¶ 8} Ray's, on the other hand, argues that the trial court did not abuse its discretion in denying Wireman's motion because Sprague's statement is inadmissible hearsay. Ray's argues that it hired an independent contractor to maintain and repair the automatic doors; and thus, any statement made by Sprague, a cashier/bagger, concerned matters outside the scope of his employment and is inadmissible under Evid.R. 801(D)(2)(d). Since this was the only evidence Wireman submitted to show Ray's had knowledge of the malfunctioning door and it is inadmissible, Ray's argues that Wireman has failed to show he has a meritorious claim under Civ.R. 60(B). We agree.
 {¶ 9} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present ifrelief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. Dept. of Taxation v.Freeman, 3d Dist. No. 5-05-17, 2006-Ohio-2372, ¶ 5, quoting Reyna v.Escobar, 3d Dist. No. 13-04-39, 2005-Ohio-424, ¶ 6, quoting GTEAutomatic Elec, Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus, (emphasis added). *Page 5 
 {¶ 10} Absent an abuse of discretion, we will not disturb a trial court's denial of a Civ.R. 60(B) motion. Freeman, at ¶ 4, citingReyna, at ¶ 6, citing Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,637 N.E.2d 914. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} To state a meritorious claim for negligence the plaintiff must establish the existence of a duty, breach of that duty, and an injury proximately caused therefrom. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. Landowners owe invitees a duty to exercise ordinary and reasonable care, which includes maintaining reasonably safe premises and warning the invitee of latent or concealed defects of which the landowner has or should have knowledge. Scheibel v. Lipton (1951), 156 Ohio St. 308, 323,102 N.E.2d 453. The existence of a duty, however, depends upon the foreseeability of the injury. Menifee, 15 Ohio St.3d at 77. Whether an injury is foreseeable usually depends upon the landowner's knowledge. Id. "[W]here negligence revolves around the question of the existence of a hazard or defect, notice, either actual or constructive[,] of such hazard or defect is a prerequisite to the duty of reasonable care." Heckert v.Patrick (1984), 15 Ohio St.3d 402, 405, 473 N.E.2d 1204. A landowner is not an insurer of an invitee's safety while on the premises. Howard v.Rogers (1969), 19 Ohio St.2d 42, 249 N.E.2d 804, paragraph two of the syllabus. *Page 6 
 {¶ 12} In the trial court's summary judgment entry, it determined that Sprague's statement about the malfunctioning doors, even if made, was inadmissible hearsay citing our opinion in Shumway v. Seaway Food Town,Inc. (Feb. 24, 1998), 3d Dist. No. 3-97-17. (Aug. 14, 2007 JE at 5). The trial court then concluded that because this was the only evidence Wireman presented to show Ray's knowledge of the dangerous condition, he failed to overcome his summary judgment burden. (Id. at 7). Thereafter, the trial court denied Wireman's Civ.R. 60(B) motion finding that he had not demonstrated that he had a meritorious claim, because he lacked evidence showing Ray's knowledge of the dangerous condition. We cannot find that the trial court abused its discretion in denying Wireman's Civ.R. 60(B) motion under these circumstances.
 {¶ 13} Evid.R. 801provides, in pertinent part:
 (D) Statements which are not hearsay. A statement is not hearsay if:
 * * *
 (2) Admission by party-opponent. The statement is offered against a party and is * * * (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship * * *.
The party seeking to admit evidence under Evid.R. 801(D) bears the burden of demonstrating that the statement concerned a matter within the employee's scope of employment. Brock v. Gen. Elec. Co. (1998),125 Ohio App.3d 403, 409-410, 708 N.E.2d 777. *Page 7 
 {¶ 14} We interpreted Evid.R. 801(D)(2)(d) in Shumway, 3d Dist. No. 3-97-17. In that case, the plaintiff was injured when he slipped on water that was leaking from a freezer in the grocer's meat section. 3d Dist. No. 3-97-17, at *1. The plaintiffs son thought he overheard a cashier tell another employee that the meat freezer had leaked previously. Id. The store manager's affidavit indicated that the store was inspected as employees made rounds around the store or stocked shelves. Id. at *2. On the other hand, there was no evidence to show that a cashier's duties included making rounds or stocking shelves. Id. Furthermore, the store manager's affidavit indicated that baggers and checkers were not responsible for the maintenance of the store's food storage equipment. Id. Reviewing this record and applying Evid.R. 801(D)(2)(d), we determined that the cashier's statements, even if made, were inadmissible hearsay because they concerned matters outside the scope of her employment.
 {¶ 15} In a strikingly similar case, the Court of Appeals for the Sixth District found that a K-Mart customer service desk employee's statement that the store had previous problems with an automatic entry door was inadmissible hearsay. St. Clair v. K-Mart (Aug. 18, 2000), 6th Dist. No. WD-99-080. Like this case, the plaintiff in St. Clair was injured when automatic sliding entry doors closed on her causing her to fall. Id. at *1. Also like this case, the plaintiff in St. Clair
attempted to use a K-Mart employee's hearsay statement that the store previously had problems with the doors' sensors to show that K-Mart had *Page 8 
knowledge of the dangerous condition. Id. at *2. The trial court inSt. Clair, like the trial court herein, found that the statement was inadmissible hearsay and not within Evid.R. 801(D)(2)(d)'s exception, because the statement concerned a matter outside the service desk employee's scope of employment. Id. Since this statement was the only evidence demonstrating K-Mart's knowledge of the dangerous condition, the trial court granted K-Mart's motion for summary judgment. Id.; Id. at *3.
 {¶ 16} On appeal, the Sixth District affirmed, finding that the repair and maintenance of the doors was outside of the service desk employee's scope of employment. Id. at *3-4. In reaching its determination that the statement was inadmissible, the Sixth District primarily relied upon two things: (1) an affidavit submitted by a K-Mart manager indicating that K-Mart hired an independent contractor to maintain and repair the doors; and (2) a service desk employee deposition indicating that service desk work "really had nothing to do with the doorways." Id. at *3.
 {¶ 17} Like the plaintiffs in Shumway and St. Clair, Wireman's only potential evidence establishing that Ray's had knowledge of the malfunctioning doors was an alleged statement made by Ray's employee Sprague to Wireman. Sprague was a Ray's cashier/bagger. (Poland Depo. at 8); (Emerick Depo. at 12). According to Ray's employees Daniel Poland, a former carry-out boy and current stock-boy, and Penny Emerick, a former manger on duty and current cashier, *Page 9 
cashiers and baggers are not responsible for inspecting or maintaining the doors at Ray's. (Poland Aff. at ¶¶ 4, 8); (Emerick Aff. at ¶¶ 5-7). Furthermore, like in St. Clair, both employees indicate that Ray's hired an independent contractor to inspect and maintain the doors. (Id. at ¶ 5); (Id. at ¶ 5). The record contains several repair receipts for the doors at Ray's from outside companies, which support Poland's and Emerick's affidavits. (July 6, 2007 Response to Motion for Summary Judgment, Exhibit 1).
 {¶ 18} Wireman does not dispute that both Poland and Emerick state that inspecting and maintaining the doors was outside their scope of employment in the affidavits submitted to support Ray's motion for summary judgment. Rather, Wireman alleges that the deposition testimony of Poland and Emerick, submitted by him in support of his 60(B) motion, conflicts with the affidavits, and this creates a question of fact. Specifically, Wireman alleges that because employees Poland, a stock-boy, and Emerick, a cashier, would report dangerous store conditions to the store's manager, Sprague's scope of employment as cashier/bagger would also include reporting dangerous store conditions like the malfunctioning door. Thus, Wireman argues that Sprague's statement was within the scope of his employment. (Emerick Depo. at 19-23); (Poland Depo. at 14, 22-26).
 {¶ 19} The trial court reviewed the depositions before rendering its judgment on Wireman's Civ.R. 60(B) motion and found this argument lacking. *Page 10 
(Oct. 2, 2007 JE at 3-4). We find this argument lacks merit as well. Just because Ray's employees would report dangerous conditions does not, ipso facto, mean that inspecting the store for dangerous conditions was within their scope of employment. Therefore, we agree with the trial court that Wireman has failed to meet his burden of demonstrating that Sprague's hearsay statement, even if made, concerned a matter within the scope of his employment as a cashier/bagger at Ray's. Brock,125 Ohio App.3d at 409-410; St. Clair, 6th Dist. No. WD-99-080, at *3.
 {¶ 20} Since Sprague's inadmissible hearsay statement was the only evidence demonstrating Ray's knowledge of the dangerous condition and knowledge is a prerequisite for landowner-invitee liability, Wireman has failed to demonstrate that he has a meritorious claim under Civ.R. 60(B). Therefore, the trial court did not abuse its discretion when it denied his Civ.R. 60(B) motion.
 {¶ 21} Wireman's assignment of error is, therefore, overruled.
 {¶ 22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] Hench Enterprises, Inc. owns and operates Ray's supermarkets. Since the alleged accident at issue here occurred at Ray's supermarket, we have decided to refer to the defendant by this commonly-known name throughout the opinion. *Page 1