{¶ 10} I respectfully dissent.
 {¶ 11} Luis moved for relief from judgment pursuant to Civ. R. 60(B)(5). The Ohio Supreme Court has stated that "[i]t is generally held that court errors and omissions are reasons justifying relief under the `other reason' clause." State ex rel. Gyurcsik v. Angelotta (1977),50 Ohio St.2d 345, 347, citing 15 A.L.R.Fed 243-249, Section 12. Furthermore, this Court has recognized that a motion for relief from judgment pursuant to Civ. R. 60(B)(5) is an appropriate mechanism to allow a trial court to remedy any errors or omissions in the interest of justice to the parties. See, generally, Dunn Specialty Steels, Inc. v.World Metals, Inc. (1999), 135 Ohio App.3d 367. We also stated that "[o]ur analysis is further constrained by the `considerable discretion' that is given to a trial court when it decides a Civ. R. 60(B) motion." Id. at 371, citing Rowland v. Finkel (1987), 33 Ohio App.3d 77, 79. Accordingly, I would not reverse the trial court's granting of Luis' motion for relief from judgment pursuant to Civ. R. 60(B)(5) for the majority's stated reason that Luis' motion was an attempt to use such motion as a substitute for an appeal. Rather, I would recognize the "considerable discretion" given to the trial court in these cases and affirm the judgment below.
 {¶ 12} In addition, I disagree with the majority's assertion that it is difficult to see how a 19-year delay in filing the motion for relief from judgment could be reasonable in this case. I believe the delay is reasonable because Luis only recently discovered his inability to obtain a lump sum payment as part of an early retirement plan because of the error in awarding Juanita 100% of the surviving spouse benefits pursuant to the original Qualified Domestic Relations Order ("QDRO"). I do not agree that the language in the judgment entry of divorce that Juanita "shall retain the widow's benefits as successor beneficiary pursuant to the terms of the Plan" *Page 7 
should have necessarily alerted Luis that he would not have access to his retirement money as a lump sum cash payment rather than as mere increased monthly payments. Until faced with the limitations on his ability to have such access to his retirement funds, he could not reasonably have had notice of his need to challenge the errors or omissions in the QDRO. Civ. R. 60(B)(5) is designed as a "catchall" provision to remedy injustice. If it is not applicable in a case such as this, it is hard to fathom when it could ever be applicable. Accordingly, I respectfully dissent from the majority's decision and would affirm the judgment of the trial court. *Page 1